

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

FILED

DEC 1 6 2009 NF
Dec 16, 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Steven Thomas London, Pro Se

Plaintiff

v.

Nathan Geraths, Timothy Moltane, John Harris, Daniel Athearn

Department of Veterans Affairs

United States of America

Advantage Valet of America and John Doe Valet

Robinson Towing and Xavier Washington

Defendants

09cv7797
Judge Milton I. Shadur
Magistrate Michael T. Mason

**COMPLAINT and JURY DEMAND**

**PRELIMINARY STATEMENT**

This is a civil rights action in which the Plaintiff seeks relief for the Defendant's violations of his rights guaranteed by the United States Constitution, specifically the Fourth Amendment, which right is further secured by 28 U.S.C. §1331. Plaintiff seeks damages, both compensatory and punitive damages; affirmative and equitable relief; an award of attorney's fees, costs, and interest; and other and further relief as this Court deems just and equitable. This is further an action at law to redress a deprivation under color of law, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to the Plaintiff by the Fourth Amendment of the Constitution of the United States, and arises under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

**JURISDICTION AND VENUE**

1. This action arises under the provisions of the Fourth Amendment of the Constitution of the United States, 42 U.S.C. §1983 and 28 U.S.C. §1331.
2. This action seeks redress for violations of the civil rights laws of the United States by federal employees and entity, and jurisdiction is therefore invoked pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983.
3. Venue is therefore proper under 28 U.S.C. § 1331 and 42 U.S.C. §1983.
4. Plaintiff is seeking compensatory and punitive damages pursuant to the claims for relief specified below in amounts to be proved at trial.

**PARTIES**

5. Plaintiff Steven London is a citizen of the United States of America and is a resident of Maricopa County, State of Arizona
6. Nathan Geraths was Director for the Edward Hines Veterans Administration Hospital, Hines, Illinois. He was the chief policymaker and administrator at the Hospital.
7. This action is brought against Geraths in his individual and official capacities. His

authority to act was derived from federal law and/or the commands and directives of his superiors.

8. At all times relevant herein, Daniel Athearn, John Harris and Timothy Moltane were law enforcement officers employed by the Veterans Administration at the Edward Hines Hospital, Hines Illinois.

9. This action is brought against Moltane, Athearn and Harris in their individual and official capacities. Their authority to act was derived from Illinois State law, federal law, and/or the commands and directives of their superiors. All of the acts of the individuals and entities listed in the following paragraphs were performed under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the State of Illinois and/or the United States government.

10. Directors of Department of Veterans Affairs hospitals are responsible for following policies and operating procedures governing the proper way to issue legal parking tickets, when vehicles should be towed, when an arrest should be made and all other law enforcement functions. The job of the Director is to oversee the Police Chief to make sure he or she is following all policy directives properly.

11. The Police Chief of a Department of Veterans Affairs hospital is responsible for following all policy and standard operating procedures that will enable the police department to function within legal laws and all policy directives set forth from the Department of Veterans Affairs. This also includes the implementation of training procedures that will ensure that all policies and regulations are implemented fairly and when mistakes are made that they will be quickly corrected in a fair and impartial manner.

12. At all times Robinson Towing and Xavier Washington, driver was a legally licensed Tow Truck Relocator in the State of Illinois.

13. At all times Advantage Valet of America and John Doe Valet were providing a contractual service associated with the Edward Hines Hospital

**FACTUAL ALLEGATIONS**

14. On or about September 5, 2008, at approximately 3:20 p.m., Steven London was returning from an appointment at the Edward Hines VA Hospital in Hines, Illinois, to his vehicle that was parked at what was the Pennsylvania Lot.
15. As he was walking up to his vehicle he noticed what appeared to be two squad cars and officers, a parking ticket on his vehicle and a tow truck entering the Pennsylvania Lot to presumably tow his vehicle
16. As Mr. London approached his vehicle he grabbed the parking ticket with his left hand off the windshield and proceeded around Officer Athearn towards the driver's side door while reaching into his pocket and grabbing his car keys with his right hand.
17. He hit the open button with his right thumb, grabbed the door handle with his left hand, opened the door and entered his vehicle.
18. Officer Athern grabbed Mr. London's car door, stopping him from closing the door. He asked Mr. London, "Where are you going?" He replied, "I am leaving before you tow my vehicle."
19. Officer Harris then ordered Mr. London out of his vehicle, he complied and then stated to his partner Officer Athearn, "Didn't you see him brush you, that's Battery". Officer Harris then ordered him back into his vehicle. Mr. London complied. Then after a small conference between the officers he was ordered out of his vehicle and arrested for Battery.
20. The officers informed Mr. London that he had parked in the Valet Parking Lot. He asked them where the signs were located identifying the Valet Parking Lot. They did not answer the question. Numerous photos will be submitted of the Pennsylvania Lot before and after they put identification signs on the outside of the parking lot.
21. While in custody watching his vehicle being prepped for towing he asked that his car keys be secured and not left in the car. His request was ignored and the keys were left with the tow truck driver. This is a violation of VA policy.
22. He was booked at the Hines Jail and placed in a holding cell while still being handcuffed to a rail where he had no access to water or the urinal. After a couple of hours he cried out for help and asked for medical attention. They did not take him seriously or to the emergency room as requested, but did bring him some water.

23. He was taken to Maywood booking, brought back to Hospital and released.
24. Two day later on September 7, Mr. London started to have panic and anxiety attacks. He sought treatment at the Edward Hines Emergency Room. He was given anti anxiety medication and referred to a Psychiatrist at a later date that he saw for months.
25. The Psychiatrist completely had to change to Mr. London's medication. He was already on anti depressants that were prescribed by numerous Department of Veterans Affairs Hospitals or clinics. He is presently disabled with a diagnosis of Post Traumatic Stress Syndrone and other things. He experienced extreme emotional distress from this incident and continues to this day to deal with it on a daily basis.

**FIRST CAUSE OF ACTION   Illegal Seizure of an Automobile**
**Against Defendants ATHEARN, Harris, Advantage Valet of America, John Doe Valet, ROBINSON TOWING and Xavier Washington in Violation of the Fourth Amendment**
**Cognizable Under 28 U.S.C. §1331 and 42 U.S.C. §1983**

26. Plaintiff incorporates by reference all above allegations.
27. The proper focus in determining the reasonableness of when an automobile can be towed is outlined extensively in VA Handbook and VA Directives 0730. A legal parking infraction must have been committed with proper signage posted at the Parking Lot in question.
28. No signs were posted at the Pennsylvania Lot identifying it as the Valet Parking Lot. No enforcement methods were listed as required by Both VA regulations and Illinois Statutes.
29. Mr. London had every valid reason to believe that he had a legal right to park in The Pennsylvania Lot on that particular day.
30. The officers concocted a smoke screen to make it look like probable cause for an arrest to make their blatant, negligent acts look justified.

31. Mr. London was unable to find any information regarding the parking ticket he was issued pertaining to its whereabouts for a number of months. The parking ticket issued is in effect a warrant guaranteeing that any individual will either pay the ticket or appear in Federal Court. If they do neither then a warrant will be issued for their arrest.

32. After contacting Tom Grego, who is the liaison to the Director he stated there was a problem in getting a batch of tickets down to Federal Court, where they are processed in a voicemail that the plaintiff has in his possession. The ticket continued to remain missing in action until he pressed Director Geraths with written faxed communications that included Secretary Peake.

33. Director Geraths finally wrote a letter stating that the Police Chief had dismissed the ticket. Dismissal of the confirms and acknowledges that these officers had no legal right to ticket or tow Mr. London's vehicle which is a violation of his civil rights of unlawfully seizing an automobile.

34. Dominic Chiovari was the provider of Valet parking services for the Edward Hines VA Hospital. They were negligent in setting up the proper signage for the Valet Lot. John Doe Valet made untrue allegations about the proper signage at the Valet Lot and a conversation with Mr. London that never took place. Both of these allegations took place under oath sworn by Department of Veterans Affairs Law Enforcement Personnel. There is a direct causal relationship between the negligent actions and untruthful statements contained within this document.

35. Robinson Towing and the driver Xavier Washington contributed to the illegal tow. The parking lot was improperly marked according to all Department of Veterans Affairs Regulations and Illinois Statute. Robinson Towing and their employees are responsible for following all pertinent rules and regulations pertaining to their trade and using reasonable common sense thinking when they should not tow a vehicle. Robinson Towing was also guilty of a misdemeanor crime by not accepting Mr. London's credit card for payment.

36. The violation of Plaintiff's rights is actionable under 28 U.S.C. §1331 and Plaintiff is entitled to judgment against Officers Harris and Athearn in an amount to be proved at trial, plus costs and attorneys. Mr. London is entitled to punitive damages against the individual Defendants, as allowed by law, since Defendants' actions were intentional, wanton, malicious, oppressive and unreasonable.

## SECOND CAUSE OF ACTION
**Malicious Prosecution against Athearn, Harris, Moltane and Geraths
Cognizable Under 28 U.S.C. §1331**

37. Plaintiff incorporates by reference all above allegations.
38. At all times relevant to this Complaint, Officers Harris and Athern, as police officers of the Hines Hospital, were acting under the direction and control of the Edward Hines Hospital, which acted through its agents and employees who were responsible for its officers, its operations, and for making the policies of the VAMC Police Department.
39. Officers have a duty to be honest and truthful, especially when making serious allegations against a veteran who was honorably discharged seeking treatment at a VA Hospital. According to VA Handbook 0730 they are also supposed to be courteous. Mr. London posed no security threat to the officers, was unarmed and used no loud or threatening foul language.
40. Officers Harris and Athearn chose to bring charges in State Court instead of Federal Court.
41. Mr. London asked the Director in a written communication to have the charges dropped. In a letter to Mr. London Director Geraths states that the charges must stand because he elbowed an officer on two occasions.
42. The officers testimony did not corroborate their arrest report while while testifying. Mr. London's innocence was substantiated by a not guilty verdict in Cook County Court.
43. The violation of Plaintiff's rights is actionable under 28 U.S.C. §1331 and Plaintiff is entitled to judgment against Officers Harris and Athearn in an amount to be proved at trial, plus costs and attorneys fees pursuant. Mr. London is entitled to punitive damages against the individual Defendants, as allowed by law, since Defendants'

actions were intentional, wanton, malicious, and oppressive.

**THIRD CAUSE OF ACTION**

**Failure to Train or Supervise Against Geraths and Moltane**

**Cognizable Under 28 U.S.C. §1331**

44. Plaintiff incorporates by reference all above allegations.

45. The Defendant Edward Hines VA Hospital is a "person" for purposes of a §1331 action. The Edward Hines Hospital may therefore be sued directly for monetary, declaratory, or injunctive relief for its practices that violate Plaintiffs' constitutionally protected rights.

46. At all times relevant to this Complaint, Geraths was director for the Edward Hines VA Hospital. As the director, he is responsible for policymaking, administration and the necessary foresight to make corrective action when needed.

47. Officers Athearn and Harris, as police officers of the Edward Hines VA Hospital, were acting under the direction and control of Geraths and Moltane who are ultimately responsible for the officer's negligent actions and failure to follow proper protocol.

48. A 28 U.S.C. §1331 claim may be asserted against a federal entity and/or its supervisors based on allegations of negligence in hiring, training, and supervising employees.

49. Director Geraths and Police Chief Moltane knew about the Pennsylvania Parking lot not being properly marked from previous ticket issuing and complaints to the Directors office.

50. The Director was notified or should have been notified by the Police Chief of the of ticket problems. There should have been a detailed implementation plan before the Valet Parking lot was opened. If a written plan was in place it's obvious that either key information was left out or not followed correctly. The Valet Parking lot/Pennsylvania parking lot was a disaster waiting to happen.

51. Director Geraths and Police Chief could have and should have instructed its officers to stop writing parking tickets or at least write courtesy violations. They took no corrective action until Mr. London's constitutional rights were violated.
52. Shortly after the incident the signage on the Pennsylvania Lot was changed drastically.
53. By not instructing the officers employed at the Edward Hines VA Hospital Director Geraths and Police Chief Moltane showed a deliberate indifference and disregard toward any veteran who accidently parked in the Pennsylvania Lot/Valet Parking Lot which was not properly marked.
54. The violation of Plaintiffs' rights is actionable under 28 U.S.C. §1331, and Plaintiffs are entitled to judgment against Director Geraths, Police Chief Moltane and the Edward Hines Hospital in an amount to be proved at trial, plus costs and attorneys fees.

**FOURTH CAUSE OF ACTION**
**Unlawful Custom or Policy**
**Against Director Geraths and Police Chief Moltane**
**Cognizable Under 28 U.S.C. §1331**

55. Plaintiff incorporates by reference all above allegations.
56. The Defendant Edward Hines VA Hospital is a "person" for purposes of a §1331 action. The Edward Hines Hospital may therefore be sued directly for monetary, declaratory, or injunctive relief for its practices that violate Plaintiffs' constitutionally protected rights.
57. At all times relevant to this Complaint, Geraths was director for the Edward Hines VA Hospital and as the director he is responsible for policymaking and administration.
58. At all times relevant to this Complaint, Officers Harris and Athearn , as police officers of the Edward Hines Hospital, were acting under the direction and control of the Edward Hines VA Hospital, which acted through its agents and employees who were responsible for its officers, its operations, and for making the policies of the Edward Hines VA Hospital Police Department.

59. A 28 U.S.C. §1331 claim may be asserted against a federal entity and/or its supervisors based on failure to have a written policy, or a policy that is in place but is customarily not followed, may make the federal entity or supervisor liable for the deprivation of a person's civil rights.
60. Geraths and Moltane knew or should have known that people were inadvertently parking in the Pennsylvania Lot because it was not properly marked as required by the own regulations of the Department of Veterans Affairs.
61. By continuing to write tickets and tow vehicles Geraths and Moltane showed an indifference to follow the VA's own rules and look out for the welfare of all veterans. Mr. London's vehicle was towed yet they afforded him no notification that he was entitled to an after tow hearing on its validity.
62. Director Geraths states in a letter that the "Police Chief has assured me that there was "no intentional mistreatment by any of his officers" Does this mean that unintentional mistreatment is OK? By failing to enforce and follow policy correctly, Geraths and Moltane showed deliberate indifference toward any veteran who might park in the Pennsylvania Lot.
63. The violation of Plaintiff's rights is actionable under 28 U.S.C. §1331, and Plaintiff is entitled to judgment against Geraths and Moltane in an amount to be proved at trial, plus costs and attorneys fees.

**FIFTH CAUSE OF ACTION**
**Violation of ILCSÂ 5/4-203) Illinois Vehicle Code**
**Against Director Geraths and Police Chief Moltane**
**Cognizable Under 28 U.S.C. §1331 and Illinois State Law**

64. Plaintiff incorporates by reference all above allegations
65. The Hines VA Police utilized the services of a Robinson Towing, Maywood, Illinois.
66. Officer Harris stated to Mr. London when he was leaving the Hines jail that Robinson Towing should take credit cards.

67. Mr. London stopped at Loyola Hospital and used a cash machine to procure funds just in case cash was needed and took a cab from Loyola Hospital to Robinson Towing.
68. At Robinson Towing the Driver Washington refused to take a credit because the machine was broken. Mr. London paid $155.00 to retrieve his vehicle. Mr. London's vehicle sustained damage to the front bumper from improper towing.
69. While researching this case Mr. London found the Illinois Statute that states it is a misdemeanor crime to not take a credit card for a relocation tow. Robinson towing is acted as the agent under employment of the Department of Veterans Affairs making them liable also for this crime.
70. The actions of the Tow Truck driver were in the scope of employment responsibilities. The Director, Police Chief and the Edward Hines Hospital are liable for the action of its agents under the doctrine of *respondeat superior*.
71. The violation of Plaintiff's rights is actionable under 28 U.S.C. §1331 and Illinois State Law. Plaintiff is entitled to judgment against Geraths and Moltane in an amount to be proved at trial, plus costs and attorneys fees.

**JURY DEMAND**

Plaintiff requests a jury trial on all issues in this case.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

1. For general compensatory damages in the amount of $1,000,000.

2. For punitive damages against named individuals in the amount of $3,000,000.

3. For pre-judgment interest on the damages assessed by the verdict of the jury, as allowed by law;

4. For Plaintiff's costs and reasonable attorney fees incurred pursuant to 42 U.S.C. § 1988.

6. For such other relief as the Court deems just and proper. DATED this 16th day of December, 2009.

Respectfully Submitted By:

/s/ Steven Thomas London

Steven Thomas London, Pro Se
3211 E. Wescott Drive
Phoenix, AZ 85050
602 953 3987